Russell G. Hunt, J.
The claimant seeks to recover money damages for an alleged false arrest and imprisonment by members of the New York State Police force. The arrest and detention occurred on August 11, 1959, in the Village of Monticello, Sullivan County.
It appears that a member of the State Police, in the line of duty, was in the claimant’s office in a gasoline station, of which he was the manager (illegal search and seizure are not involved) and the former saw on the claimant’s desk a small-coin slot machine (such was the charge). The machine was owned by the claimant. The device was operated by the police officer by the *329 insertion of a 10-cent piece and the pulling of a lever which activated a cylinder upon which were shown, on a line, in separate compartments, a series of three pictured fruits and bars. The insertion of less than 10 dimes would not produce a “hit” — rather, a loss, unless others had theretofore played the device without making a “hit”. The owner of the device or his employer (his father) derived no direct gain from its operation — at least, there was no evidence in this respect.
The proof established that the officer, upon discovering the device, had telephoned for another member of the force who was attached to its Bureau of Criminal Intelligence to inspect the device and to aid in determining whether it violated section 982 of the Penal Law, entitled “ Keeping slot machines or devices ”. Upon the latter’s arrival, he telephoned to the District Attorney for an opinion concerning the device and upon being advised that it violated the statute, the claimant, after being informed of the charge was then placed under arrest and taken to the Village Police Justice who took an information from an arresting officer for a violation of the statute. The device was produced before the Justice and left with him (Penal Law, § 983). The latter tested the device by inserting a dime “ and, lost the same saying ‘ remember .10 cents of what’s in there is mine ’ ”. The arresting officers testified that they had inserted less than 10 dimes and each had received returns which were greater than the amounts deposited; upon the trial herein, however, this was not duplicated; in a test, 10 dimes were required to be inserted to “ load ” the device to produce a “ hit ”. If the machine were partially “ loaded ”, a player inserting less than 10 dimes could make a “ hit ” and receive in return a greater number of dimes than he had inserted.
The claimant was not immediately arraigned because of the inability of his counsel to be present. He was released on his own recognizance for arraignment at a later time and on the following day, his counsel being present, he was arraigned and he entered a plea of not guilty. Claimant’s counsel points out that a warrant of arrest was not issued and the arrest was not a lawful one; but, a warrant is not required where the crime is committed in the presence of the arresting officer (Code Crim. Pro., § 177; see, too, Penal Law, § 983). On August 17, an Assistant District Attorney “ moved to withdraw the charge ” (the grounds do not appear) and the motion was granted.
The statute makes unlawful the owning, keeping or possessing or permitting the operation of, or, the keeping of, in any room “ any slot machine or device * * * defined ” (subd. 1, par. [a]) as one that is adaptable or suited for operation by the inser *330 tion of a coin and 11 by reason of any element of chance or of other outcome of such operation unpredictable by him, the user may receive * * * any piece of money” (subd. 2). The demonstrations by the Police Justice and upon the trial herein are evidence that the device might be used for gambling and such is competent as a “ criterion for determining the character of the apparatus before the court. Under the statute the intention of a particular defendant is immaterial ” (People v. Fitzgibbons, 33 N. Y. S. 2d 377, 381). Intent is not a necessary element for a conviction under the statute.
The claimant contends that the device is not a slot machine in violation of the statute and that the arrest was unlawful and there was no justification or excuse therefor. It is the State’s contention, however, that justification and probable cause were established by proof that the device violates the statute, that the police officers were required to make the arrest, that the arresting officers acted upon the advice of the District Attorney, that the Police Justice took a verified information after he had examined and played the device and looked into the facts and that he had arraigned the claimant, took his plea and held him; the good faith of the officers is not in question. See Schultz v. Greenwood Cemetery (190 N. Y. 276) in support of the State’s contention.
The mere fact that the claimant was discharged by the Police Justice “ was not in and of itself sufficient to sustain the cause of action * * * for false imprisonment ” (Freedman v. New York Soc. for Suppression of Vice, 248 App. Div. 517, 520, affd. 274 N. Y. 559). See, also, Ranke v. State of New York (206 Misc. 569, affd. 285 App. Div. 1113) wherein, likewise, there was no adjudication of the guilt or innocence of the claimant following his arrest for a violation of the Labor Law which had been committed in the presence of a State Police officer. It was held therein (206 Misc. 569, 574) that “ we are required, in the orderly consideration of claimant’s alleged causes of action ” (for false arrest and malicious prosecution) “ to make our own determination as to the facts forming the basis of the alleged violation ’ ’. Accordingly, it is held that the device falls within the prohibition of the statute, there was probable cause and justification for the arrest of the claimant, that due process of law was complied with and that the claim has not been sustained and is dismissed.