Isadore Bookstein, J.
This is a libel action in which plaintiffs move for summary judgment and an assessment of damages.
The contention of plaintiffs is that the article asserting that plaintiffs were arrested is untrue and that they were not, in fact, arrested.
The publication of an article charging that a person has been arrested, if untrue, is libelous per se. (Johnson v. Synett, 89 Hun 192, affd. 157 N Y. 684.)
The answer denies the allegation that the statements contained in the article were untrue.
It also sets up two affirmative defenses.
The first is to the effect that the article was a fair and true report of a judicial proceeding and accordingly was privileged under section 74 of the Civil Rights Law. It may well be that what transpired before the Magistrate was a judicial proceeding within the meaning of section 74 of the Civil Rights Law. However, the alleged arrest did not occur before the Magistrate and was no part of the judicial proceeding before him. As to the alleged arrest, therefore, the article is not privileged under section 74 of the Civil Rights Law.
*85 The second affirmative defense is merely a partial defense in mitigation of damages as permitted by section 78 of the Civil Rights Law.
An examination of the affidavits of the parties on this motion demonstrates, at the very least, that there exists a triable issue of fact as to whether or not the plaintiffs were arrested.
The fact that the Magistrate declined to issue an information or that the Chief of Police or the Police Department did not enter on their records an arrest of these plaintiffs is not conclusive on the proposition that there was, in fact and in law, an arrest. (Cf. Paul v. State of New York, 40 Misc 2d 328.)
“ Arrest is the taking of a person into custody that he may be held to answer for a crime.” (Code Crim. Pro., § 167.)
“An arrest is made by an actual restraint of the person of the defendant, or by his submission to the custody of the officer.” (Code Crim. Pro., § 171.) (Cf. People v. Colletti, 33 Misc 2d 195.)
The fact that Officer Morgan now asserts that what he did in taking plaintiffs into custody was not an arrest is merely the conclusion of a layman on what the law makes his conduct.
Motion of plaintiffs for summary judgment and cross request for summary judgment by defendant denied.
In defendant’s brief, a request is made to permit an amended answer to plead the defense of truth. That request cannot be granted, upon such a request. If defendant desires such relief, it will be necessary for it to make a motion therefor.