■ HAZEL ROBART, Respondent, v POST-STANDARD, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered July 20, 1979 in Clinton County, which denied defendant's motion for summary judgment dismissing the complaint. Under the headline "three charged", an article in defendant's newspaper named, in its first paragraph, two youths who were arrested, pleaded guilty and were fined $100 each for unlawful possession of marihuana. In the following paragraph, the article stated that "Mrs. Hazel Robart, 60, of Dannemora was arrested and charged by village police with driving an uninsured vehicle following an accident in which her car reportedly struck and killed a deer. The animal bolted in front her car on Route 3, she said". It is now undisputed that the plaintiff was not arrested by village police and charged with driving an uninsured vehicle. She was issued a ticket (appearance ticket [CPL 150.10]) by a State Police officer for failure to have a New York State insurance identification card in her possession (15 NYCRR 32.10 [b] [5], [6]) and required to appear in the town court on November 16, 1977, where formal charges would then be made (see *People v Scott*, 3 NY2d 148). The plaintiff's failure to produce the ID card at the request of the officer is presumptive evidence only of uninsured operation, for which the plaintiff may be given a summons (15 NYCRR 32.10 [b] [7]). When the plaintiff appeared before the Town Justice, she displayed proof of insurance coverage and the charge was never brought against her, and the ticket that had been issued was dismissed by the Justice Presiding. The issuance of the ticket was not an arrest (*Farkas v State of New York*, 96 Misc 2d 784), and the plaintiff was never formally charged with the crime, which is a misdemeanor, punishable by a fine of $1,000 and one year in jail plus a civil penalty of $300 (Vehicle and Traffic Law, § 319, subd 1). To falsely accuse the plaintiff of such arrest and charge is untrue and constitutes libel per se (*Martin v Orange County Pub.*, 49 Misc 2d 84, affd 25 AD2d 471). This conclusion notwithstanding, the plaintiff's complaint must still fail for insufficiency. The plaintiff, admittedly a private individual, was engaged in conduct that fell within our criminal justice system and the disposition of the charge against her was a matter of public concern (*Kent v City of Buffalo*, 29 NY2d 818). Therefore, the plaintiff was required to show "gross irresponsibility" by the defendant through its reporter. This the plaintiff has failed to do. The reporter was employed by the defendant for 25 years and received the information by telephoning the New York State Police barracks at Tupper Lake and requesting newsworthy items. The information was supplied by the public information officer at that barracks, a daily and routine task. The reporter would have no reason to doubt the accuracy of the information supplied and relying upon it did not demonstrate gross irresponsibility, even though the report given by the officer later proved to be inaccurate (*Chapadeau v Utica Observer-Dispatch*, 38 NY2d 196; *Grobe v Three Vil. Herald*, 69 AD2d 175). Order reversed, on the

law, without costs, motion granted and complaint dismissed. Sweeney, J. P., Kane, Staley, Jr., Casey and Herlihy, JJ., concur.