■ LYLE R. BROWN, an Infant, by LAWRENCE BROWN, His Parent and Natural Guardian, Respondent, v JOHNSON NEWSPAPERS CORPORATION, Doing Business as WATERTOWN DAILY TIMES, Appellant. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered January 22, 1981 in St. Lawrence County, which denied defendant's motion to dismiss the complaint. Following an incident which occurred late on the evening of November 9, 1979 in the hamlet of Heuvelton, an account thereof appeared in the *Watertown Daily Times* under the headline: "2 Arrested In Knife Attack". The article read as follows: "HEUVELTON — Two persons were arrested this morning after they allegedly assaulted with a knife a Rensselaer Falls youth about midnight. St. Lawrence County Sheriff's deputies said Thomas Murray, 22, Ogdensburg, was charged with third-degree assault and unlawful dealings with a child. Also arrested was Lyle Brown, 17, Route 2, who also was charged with unlawful dealings with a child. Police said two more arrests are pending in the case. David Rixon, 17, Rensselaer Falls, had told police that he was assaulted on State Street by knife-wielding youths about midnight. He was treated at the A. Barton Hepburn Hospital for mouth cuts. Murray pleaded guilty to both charges this morning before Oswegatchie Town Justice Arlington Walker. Sentencing was scheduled at a later date. Brown requested an adjournment in his case before a plea was entered. He was ordered to appear in court at a later date." Although the victim had originally advised the Sheriff's office that his attackers had wielded a knife, sometime later he denied that any knife had been used. Interpreting the article to have stated that he was charged with assault in the third degree, plaintiff commenced this action for libel against defendant alleging that the statement was false and held him up to scorn, ridicule and disgrace in the eyes of his neighbors and friends. For this transgression plaintiff sought $200,000 in compensatory and punitive damages. Defendant, contending that the publication was neither false or defamatory, moved pursuant to CPLR 3211 for an order dismissing the complaint on the ground that it failed to state cause of action. Upon denial of the motion this appeal ensued. We note initially that in determining whether a publication is defamatory, if the headline fairly indicates the substance to which it refers, it must be evaluated together with the article it precedes *(Schermerhorn v Rosenberg,* 73 AD2d 276). We conclude that the headline here does indicate the substance of the article so that it must be considered with the article. Furthermore, also to be resolved is whether the publication complained of is reasonably susceptible of the meaning ascribed to it and, in so evaluating, consideration must be given to the cumulative effect of all claimed defamatory statements in the context in which they were made *(Cohn v National Broadcasting Co.,* 50 NY2d 885, cert den 449 US 1022). Applying these principles, we conclude that the publication must be held to be reasonably susceptible to the meaning ascribed to it by plaintiff so that it becomes an issue for a jury to determine whether that connotation was the sense in which the words were likely to be understood by the ordinary and average reader (see *James v Gannett Co.,* 40 NY2d 415, 419; *Mencher v Chesley,* 297 NY 94). However, in order for the plaintiff to prevail, he must do more. Plaintiff, while a private citizen, was engaged in conduct that fell within the criminal justice system and he has not, in this action, by affidavit or otherwise, denied the knifeless criminal culpability mentioned and the disposition of the charge against him was a matter of public concern (see *Kent v City of Buffalo,* 29 NY2d 818). This being so, plaintiff is required to demonstrate "gross irresponsibility" by defendant through its reporter *(Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196, 200; *Robart v Post-Standard,* 74 AD2d 963). This burden is not met by bald assertions in the complaint or unsupported conclusions in the affidavit by plaintiff's attorney. In opposing the motion for summary judgment, plaintiff

must come forward with proof to demonstrate a triable issue of fact on the question of the "gross irresponsibility" of defendant (see *Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196, *supra; Robart v Post-Standard,* 74 AD2d 963, *supra; Grobe v Three Vil. Herald,* 69 AD2d 175, affd 49 NY2d 932). Plaintiff has failed to shoulder this burden and the complaint must, therefore, be dismissed. Order reversed, on the law, without costs, motion granted and complaint dismissed. Mahoney, P.J., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.