■ HAROLD CARLUCCI et al., Plaintiffs, and OSBORNE HILL GROCERY, INC., Respondent, v POUGHKEEPSIE NEWSPAPERS, INC., et al., Appellants. — In an action to recover damages for libel, defendants appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Delaney, J.), entered May 27, 1981, as denied their motion to dismiss the complaint as against the corporate plaintiff, and (2) from a further order of the same court, entered August 11, 1981, which denied their motion for reargument. Appeal from the order entered August 11, 1981 dismissed. No appeal lies from an order denying reargument. Order entered May 27, 1981 reversed, insofar as appealed from, on the law, and motion to dismiss the complaint is granted in its entirety. Defendants are awarded one bill of $50 costs and disbursements. This action concerns the following story, which was published in defendants' newspaper under the headline "State police raid gambling operation": "WAPPINGERS FALLS — The 38-year-old owner of the Osborn Hill Grocery Store on Osborn Hill Road, Town of Wappinger, was arrested Sunday on gambling charges following an afternoon State Police raid on his home over the store, State Police at Fishkill reported. Police said Melvin Amiel was charged with first degree promotion of gambling, first degree possession of gambling records and related charges in connection with what police described as a $50,000 per week business in illegal sports betting. Amiel was arraigned before Town of Wappinger Justice William Bulger and released in his own recognizance pending a further court appearance on Jan. 8. Police said Amiel's home was set up to receive telephone bets from southern New York and parts of Connecticut. Police and Assistant Dutchess County District Attorney John Miller, with a search warrant issued by county Judge Albert M. Rosenblatt, raided Amiel's home at 1:30 p.m. Sunday." The information on which the article was based was obtained by an experienced reporter over the telephone

from the Fishkill State Police barracks. The corporate plaintiff and its two principals, against whom summary judgment was granted, allege that the corporation, not Amiel, is the owner of the Osborne Hill Grocery Store, and that Amiel is not in any way related to it. The corporate plaintiff does not challenge the accuracy of any other statement in the article. After determining that the corporation was a private figure and that the story covered a topic within the sphere of legitimate public concern, Special Term concluded that there existed triable issues of fact as to whether defendants acted in a grossly irresponsible manner in reference to prevailing industry standards for news gathering and dissemination (see *Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196, 199). Although we agree with Special Term's conclusions that the corporate plaintiff is a private figure and that the allegedly defamatory article covered a topic within the sphere of legitimate public concern, we do not agree that any triable issues of fact remain. In *Robart v Post-Standard* (52 NY2d 843, affg 74 AD2d 963), the Court of Appeals affirmed an order of the Appellate Division granting summary judgment to the defendant whose reporter had obtained an inaccurate story from an officer at a police barracks. Reliance on the report did not demonstrate gross irresponsibility, the Appellate Division had stated, "even though the report given by the officer later proved to be inaccurate" (74 AD2d 963, *supra*). We see no reason why *Robart* should not apply to the case before us, and accordingly, we need not reach defendants' other contentions. Weinstein, J. P., Brown, Niehoff and Boyers, JJ., concur.