■ In the Matter of RAYMOND T. FINNAN, Respondent-Appellant, v ARTHUR LEVITT, as Comptroller of the State of New York, et al., Appellants-Respondents, and RICHARD J. BARTLETT, as State Administrative Judge, et al., Respondents. — Cross appeals from an order of the Supreme Court at Special Term (Kahn, J.), entered April 8, 1981 in Albany County, which, *inter alia,* granted in part petitioner's motion for reargument of a prior determination of the court and, upon reargument, directed respondents to accord petitioner certain benefits pursuant to subdivision 4 of section 167 of the Civil Service Law. Petitioner served as confidential law clerk to Supreme Court Justice Herbert D. Hamm from April 17, 1951 until October 27, 1965, at which time he left State service. In January of 1964, Judge Hamm was appointed an Associate Justice of the Appellate Division of the Third Judicial Department, and petitioner's annual salary was reduced from $11,472.20 to $7,223.36. Petitioner discussed the salary reduction with Justice Hamm, who advised petitioner that the reduced salary could not be altered, and petitioner submitted his resignation, staying with Justice Hamm only until a suitable replacement was found. On January 19, 1966, petitioner wrote to the New York State Department of Civil Service demanding that he be credited for his earned but unused sick leave as provided in subdivision 4 of section 167 of the Civil Service Law. Petitioner was advised in response that he should make such demand at the time of his retirement on his 55th birthday. By letter of October 3, 1978, petitioner wrote the director of the Employees' Health Service of the New York State Department of Civil Service informing him that petitioner would attain his 55th birthday on November 8, 1978, and requesting that he be accorded the benefits provided by subdivision 4 of section 167 of the Civil Service Law. This time, petitioner was advised that the department could not accord petitioner the benefits requested because he was not eligible to continue in the State health insurance plan. On or about October 14, 1978, while petitioner was engaged in the formal process of applying for his retirement allowance, he discovered that the reduced salary rate was not the total amount appropriated by the Legislature for clerkship positions with Appellate Division Justices. Petitioner commenced this article 78 proceeding on October 25, 1978, seeking a judgment: (1) directing respondents to appropriate and pay to petitioner sums of money due him as compensation for alleged underpayments in his annual salary for the years 1962 through 1966; (2) directing the New York State Employees' Retirement System to recompute petitioner's annual retirement allowance based upon the compensation due for such underpayments; and (3) directing the Department of Civil Service to credit petitioner with his earned but unused sick leave standing to his credit as of October 27, 1965 and based upon his salary on that date. Respondents Levitt and Bahou moved to dismiss the proceeding on the ground that the petition did not state a cause of action, and upon the further ground that the proceeding was barred by the Statute of Limitations; respondents Bartlett and Comiskey interposed a

motion to dismiss on the ground that the proceeding was barred by the Statute of Limitations. The matter came on to be heard before Justice John H. Pennock on May 25, 1979. By decision dated June 19, 1979, Justice Pennock denied both petitioner's prayer for relief and respondents' motions to dismiss, holding that questions of fact existed and remanding the matter for a trial of the issues. In a decision rendered after trial, Trial Term (Kahn, J.) ruled that the four-month Statute of Limitations set forth in CPLR 217 applied, that the time period had not been tolled or extended, and that the proceeding was commenced after the expiration of the four-month period and was, therefore, barred. Subsequently, petitioner moved for reargument, and the court granted the motion insofar as it sought reargument of the decision concerning petitioner's entitlement under subdivision 4 of section 167 of the Civil Service Law and denied the motion in all other respects. Upon reargument of this issue, respondents were ordered to compute all of petitioner's earned but unused sick leave and to place a dollar value thereon based upon petitioner's average salary as of his retirement date, and to apply such dollar value in monthly installments for health insurance premiums for petitioner and his dependent wife, pursuant to subdivision 4 of section 167 of the Civil Service Law. The instant cross appeals ensued. Respondents contend that Special Term erred in holding that subdivision 4 of section 167 of the Civil Service Law entitled petitioner to any benefits. We agree. When petitioner left employment with the State on October 27, 1965, there was no provision in the health insurance plan for the continued coverage of individuals, such as petitioner, who discontinued service with the State with vested retirement rights but were not yet eligible for a retirement allowance. The statute which provided for the payment of health insurance premiums for retired employees of the State to the extent of the dollar value of their accumulated sick leave provided, *inter alia*, at the time petitioner resigned: "Upon the retirement, on or after July first, nineteen hundred sixty-five, of a state employee whose salary or compensation is paid directly by the state, who is subject to a plan established by law, rule, regulation, written order or written policy which provides for the regular earning and accumulation of sick leave, *and who is eligible to continue coverage under the health insurance plan after retirement*, the department of civil service shall determine, based on the employee's age at the time of retirement, the actuarial equivalent in monthly installments for the remaining life expectancy of such retired employee, of the dollar value of the earned and accumulated but unused sick leave standing to his credit at the time of retirement, without interest" (Civil Service Law, § 167, former subd 2-a [emphasis added]). Although petitioner retired "on or after July first, nineteen hundred sixty-five", the applicable regulations at the time petitioner resigned did not provide for his continued coverage under the health insurance plan after retirement (see former 4 NYCRR 73.2). Contrary to petitioner's argument, having discontinued State service prior to October 1, 1966, he was not entitled to the postretirement health insurance coverage provided by chapter 27 of the Laws of 1966. Finally, since petitioner appeals only from that portion of the order which denied reargument, his appeal must be dismissed (*Carlucci v Poughkeepsie Newspapers*, 88 AD2d 608; *Weber v Cassius*, 46 AD2d 976). In any event, we note that we agree with Trial Term's dismissal of the proceeding in all other respects on the ground that the proceeding was not brought within the applicable Statute of Limitations. Order modified, on the law, by reversing so much thereof as awarded petitioner benefits under the authority of subdivision 4 of section 167 of the Civil Service Law, and, as so modified, affirmed, without costs. Cross appeal by petitioner dismissed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.