■ ROBERT SIMONSEN, Appellant, v MALONE EVENING TELEGRAM, Respondent. — Appeal (1) from an order of the Supreme Court in favor of defendant, entered July 6, 1983 in Franklin County, upon a dismissal of the complaint by the court at Trial Term (Shea, J.), at the close of plaintiff's case, and (2) from the judgment entered thereon. This libel action was previously before this court when plaintiff appealed from the denial of his motion for partial summary judgment on the issue of liability and we affirmed (*Simonsen v Malone Evening Tel.*, 87 AD2d 710). The basic facts are set forth therein (*id.*). Thereafter, the case proceeded to trial and, at the conclusion of plaintiff's case, defendant moved for a nonsuit and dismissal of plaintiff's complaint upon the ground that the evidence adduced failed to establish "that the publisher acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties" (*Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196, 199). Trial Term granted the motion and this appeal by plaintiff ensued. Concededly, the standard to be applied under the circumstances prevailing is the "grossly irresponsible" test of *Chapadeau,* and we agree with Trial Term that plaintiff failed to present a prima facie case. A review of the evidence reveals that defendant's reporter, after hearing the police officer read entries from the docket concerning the two incidents, formed the erroneous impression that they were somehow connected and wrote his story accordingly. The managing editor, after receiving the reporter's preliminary story, called the police department for more details as to the subject's age and address and, in so doing, uncovered an error in the subject's name, but did not discover that plaintiff was not involved in the break-in. There was no evidence that the reporter grossly distorted what he heard from the docket, that he sprang to unwarranted conclusions, or that he had, or should have had, any reason to doubt the accuracy of the reporting policeman or the department in general. Likewise, there was no evidence that the managing editor had, or should have had, cause to doubt the accuracy of the reporter's story, thus imposing a legal duty to make further inquiry. Indeed, the managing editor did make further inquiry, not from doubt as to the accuracy of the story, but in an attempt to provide more detail for the story. For plaintiff to prevail, it must be established that the publisher did not utilize methods of verification that were reasonably calculated to produce accurate copy (*Karaduman v Newsday, Inc.,* 51 NY2d 531, 549). No such proof is found here and a recent effort to change the rule so as to provide a higher degree of care on the part of the publisher has been found to be completely unacceptable (*id.*). All that was demonstrated here was error and a failure to check the written record. While such conduct might support a finding of ordinary negligence, it fails utterly to rise to a level which would sustain a finding by the trier of the facts that the publisher acted in a grossly irresponsible manner and without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties. Order and judgment affirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.