■ Bernard H. Udell, Respondent, v New York News, Inc., Doing Business as The Daily News, Appellant

Viewing the statements complained of in the context of the challenged articles as a whole and construing them from the standpoint of the average reader *(see, Aronson v Wiersma,* 65 NY2d 592; *James v Gannett Co.,* 40 NY2d 415, *rearg denied* 40 NY2d 990; *November v Time Inc.,* 13 NY2d 175), we find that the record contains ample evidence to sustain the jury's determination that the allegedly libelous factual statements were both false and defamatory. Moreover, while we are cognizant of the fact that expressions of opinion are afforded constitutional protection *(see, Steinhilber v Alphonse,* 68 NY2d 283; *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, *rearg denied* 42 NY2d 1015, *cert denied* 434 US 969; *Tanner & Gilbert v Verno,* 92 AD2d 802, *appeal dismissed* 60 NY2d 632), recovery may be had for defamatory opinions where, as here, the plaintiff is able to demonstrate the falsity of the facts underlying those opinions and thereby "convince the triers of fact that the factual disparities would affect the conclusions drawn by the average reader regarding the validity of the opinions expressed" *(Silsdorf v Levine,* 59 NY2d 8, 15-16, *cert denied* 464 US 831; *see, Ocean State Seafood v Capital Newspaper,* 112 AD2d 662).

Similarly, the record supports a finding that the defendant New York News, Inc. (hereinafter the News), "acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties" *(Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196, 199) in publishing the libelous statements. The jury was entitled to rely upon the trial evidence indicating that the News had reason to doubt the accuracy of its sources and facts and that the true facts

were easily accessible upon proper investigation *(see generally, Zucker v County of Rockland,* 111 AD2d 325; *Bruno v New York Daily News Co.,* 89 AD2d 260; *Hogan v Herald Co.,* 84 AD2d 470; *affd* 58 NY2d 630).

We discern no error in the trial court's decision to exclude the reporter's notes from evidence, as the record reveals that they were offered not only for their probative value on the issue of gross irresponsibility, but also to demonstrate their consistency with the reporter's testimony. As such, the attempted use of the notes as corroborative evidence rendered them hearsay, and their exclusion was proper because they failed to qualify as business records *(see,* CPLR 4518). In any event, the jury was made fully aware of the existence of the notes, for the reporter repeatedly referred to them during his testimony. Hence, the trial court's ruling did not prejudice the News.

We further conclude, as a matter of law, that the single instance rule is inapplicable to this case, for the articles charged the plaintiff with committing a series of incompetent and unethical acts *(see, Ocean State Seafood v Capital Newspaper, supra),* and these charges of multiple instances of alleged professional misconduct effectively accused the plaintiff of general incompetence and dishonesty in his profession *(see, November v Time Inc., supra; Mason v Sullivan,* 26 AD2d 115).

A review of the record reveals that the award of damages is excessive to the extent indicated.

We have considered the remaining contentions of the News and find them to be without merit. Mangano, J. P., Weinstein, Niehoff and Rubin, JJ., concur.