■ GEORGE VON GERICHTEN, Respondent, v LONG ISLAND ADVANCE, Appellant. [609 NYS2d 246] —In an action to recover damages for libel, the defendant appeals from an order of the Supreme Court, Suffolk County (Lama, J.), dated March 12, 1992, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In August 1988 the plaintiff George Von Gerichten was involved in an altercation with another motorist. As a result, he was arrested and criminal charges were filed against him. The incident was subsequently reported in the local weekly newspaper, the defendant *Long Island Advance.* Thereafter, the plaintiff commenced the instant action against the defendant, alleging that his reputation was damaged by the article.

The defendant moved for summary judgment, on the basis that the challenged article was truthful because it accurately reported the incident as set forth in police reports and interviews *(see, Bingham v Gaynor,* 203 NY 27; *Jung Hee Lee Han*

*v State of New York,* 186 AD2d 536; *Licitra v Faraldo,* 130 AD2d 555; *De Gregorio v CBS, Inc.,* 123 Misc 2d 491). Moreover, the plaintiff did not demonstrate any gross irresponsibility by the defendant in its information-gathering and verification process prior to publication *(see, Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196, 199; *see also, Karaduman v Newsday, Inc.,* 51 NY2d 531). In opposing the motion, the plaintiff conceded the truth of the article but claimed that the headline used with it represented a "maliciously based form of sensational journalism which pays no regard to the truth".

Once a libel claim has been asserted by a private-figure plaintiff on a matter of public concern, such as is the case here, the burden is on the plaintiff to plead and prove that the words in suit are substantially false *(see, Philadelphia Newspapers v Hepps,* 475 US 767, 776; *Immuno AG. v Moor-Jankowski,* 77 NY2d 235, *cert denied* 500 US 954; *Steinhilber v Alphonse,* 68 NY2d 283; *Silsdorf v Levine,* 59 NY2d 8, *cert denied* 464 US 831; *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 379-380, *cert denied* 434 US 969). The above principles are also applicable to the headline of the article, which must be read and evaluated in conjunction with the text it precedes *(see, James v Gannett Co.,* 40 NY2d 415, 419; *Brown v Johnson Newspapers Corp.,* 84 AD2d 636; *Schermerhorn v Rosenberg,* 73 AD2d 276). If the headline is a fair index of an accurate article, it does not give rise to a cause of action *(see, e.g., Gunduz v New York Post Co.,* 188 AD2d 294).

The court erred in denying the defendant's motion for summary judgment, as the plaintiff did not meet his burden of setting forth sufficient evidentiary facts to present a triable issue as to the falsity of the article, or the headline *(see, Immuno AG. v Moor-Jankowski, supra,* at 256; *Pollnow v Poughkeepsie Newspapers,* 67 NY2d 778; *Karaduman v Newsday, Inc., supra,* at 545; *Rinaldi v Holt, Rinehart & Winston, supra).* Nor did he demonstrate any gross irresponsibility on the defendant's part, as the reporter relied on information supplied by the police and he had no reason to doubt the accuracy of such information *(see, Mitchell v Herald Co.,* 137 AD2d 213, 217; *Carlucci v Poughkeepsie Newspapers,* 88 AD2d 608, *affd* 57 NY2d 883; *Robart v Post-Standard,* 52 NY2d 843, *affg* 74 AD2d 963). Bracken, J. P., Joy, Hart and Friedmann, JJ., concur.