■ BERNARD S. GORMAN, Respondent, v RANDOM HOUSE, INC., et al., Appellants. [655 NYS2d 625] —In an action to recover damages for libel, the defendants appeal from an order of the Supreme Court, Nassau County (Davis, J.), dated March 28, 1996, which granted the plaintiff's motion to amend the complaint and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, with costs, the motion is denied, the cross motion is granted, and the complaint is dismissed.

This libel action seeks recovery for damages allegedly

sustained by the plaintiff Professor Bernard S. Gorman by reason of certain passages contained in the nonfiction book entitled *9 Highland Road—Sane Living for the Mentally Ill,* authored by the defendant Michael Winerip and published by the defendant Random House, Inc. (Pantheon Books Division). It is alleged that the book falsely reports that the plaintiff, in teaching an abnormal psychology class at Nassau Community College, espoused false beliefs and stereotyping with respect to people suffering from mental illnesses. It is conceded by the parties that Winerip misidentified the plaintiff in the book since it was actually the plaintiff's brother, Professor Shepard Gorman, who taught the class mentioned in the book.

In order for a private person to recover damages arising out of a libelous publication, it must be established "by a preponderance of the evidence that the publisher acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties" *(Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196, 199; *see also, Greenberg v CBS, Inc.,* 69 AD2d 693). This standard of gross irresponsibility "demands no more than that a publisher utilize methods of verification that are reasonably calculated to produce accurate copy" *(Karaduman v Newsday, Inc.,* 51 NY2d 531, 549; *see also, Gaeta v New York News,* 62 NY2d 340).

In this case, the record establishes that Winerip telephoned the college's psychology department in order to ascertain Professor Gorman's first name and to obtain the correct spelling. Winerip asked the employee who answered the telephone if there was a Professor Gorman who taught abnormal psychology in the department and she replied, "Bernard Gorman". The employee did not state or suggest that there were two Professor Gormans on staff. Based upon these facts, the plaintiff has failed to demonstrate that Winerip's verification methods were grossly negligent *(see, Gaeta v New York News, supra; Carlucci v Poughkeepsie Newspapers,* 88 AD2d 608; *cf., D'Agrosa v Newsday, Inc.,* 158 AD2d 229). Therefore, the defendants were entitled to summary judgment on the claim of gross irresponsibility.

Furthermore, under the particular circumstances of this case, there is no cause of action sounding in "material alteration". Inasmuch as the defendants were not grossly irresponsible in misidentifying the plaintiff as the professor who gave the lecture, the plaintiff cannot assert a claim based upon the allegation that the statements of the actual lecturer, the nonparty Professor Shepard Gorman, were altered. Accord-

ingly, given that the plaintiff never uttered the complained-of remarks, the plaintiff's claim that these remarks were "materially altered" is not cognizable and thus failed to state a cause of action in this regard (see generally, Grafer v Marko Beer & Beverages, 36 AD2d 295). O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.