Lawrence Praga Informal Opinion Keane Beane, P.C. No. 2006-6 445 Hamilton Avenue White Plains, NY 10601
Neal Schwarzfeld Village of Pelham Manor Village Attorney 4 Penfield Place Pelham Manor, NY 10803-3298
Dear Mr. Praga and Mr. Schwarzfeld:
As attorneys for the Pelham Union Free School District ("the School District") and the Village of Pelham Manor ("the Village"), you have asked whether Vehicle and Traffic Law ("VTL") § 1640(a)(22), which authorizes cities and villages to enact regulations setting aside parking spaces on public highways "in designated areas reserved for public business at or adjacent to a government facility," is limited in its application to those highways that touch the property on which the government facility is located. The Village of Pelham Manor has also raised several questions relating to the exercise of its discretion under this statute.
Your questions stem from a request of the School District to the Village of Pelham Manor to set aside parking on specified streets in the Village for the use of employees who work in the School District's high school/middle school building. According to your letters, the streets on which the School District has requested that the Village of Pelham Manor set aside parking are located near the property on which the school building is located, but do not border the school property.[1]
For the reasons that follow, we conclude that the statutory authorization was intended to allow the setting aside of on-street parking in those areas located closest to the facility, which will generally be those areas on bordering highways that abut or are directly across from the facility, or that extend a reasonable distance from these areas. Thus, areas on highways that do not border the facility are unlikely to be considered "adjacent" within the meaning of this statute. With respect to a village or city's exercise of its discretion in setting aside parking for the users of a building that belongs to another government entity, we conclude that the city or village may reasonably require that entity to demonstrate the facts necessary for the legislative body of the city or village to determine whether the requested parking regulations are reasonable, including whether the designated parking areas are "at or adjacent to" the government facility.
STATUTORY BACKGROUND
VTL § 1640(a)(22) delegates to cities and villages the power to regulate the use of highways within their boundaries and in particular to "[p]rohibit or regulate the stopping, standing and parking of vehicles in designated areas reserved for public business at or adjacent to a government facility." We have previously concluded that this provision permits a village to enact regulations setting aside parking spaces on highways in the village adjacent to a public school for use by employees of the school, as long as such restrictions are reasonable and rationally related to a legitimate public purpose. Op. Att'y Gen. (Inf.) No. 2005-15.
You have asked whether the reference to "adjacent" in this statute refers to only highways that touch the property on which the government facility is located, or also may include highways that are near, but do not border the property. While you have framed the question in terms of the adjacency of the highway, we note that the terms "at or adjacent to a government facility" in section 1640(a)(22) modify the words "designated areas reserved for public business." Thus, as explained below, the statute does not describe the authorization in terms of highways that are adjacent to the government facility, but more narrowly requires that the regulated parking areas be "at or adjacent" to the government facility.
ANALYSIS
There are no reported decisions construing the scope of the authority granted by VTL § 1640(a)(22), and nothing in the legislative history of this provision specifically addresses the meaning of the phrase "at or adjacent to." By its terms, the statute authorizes the setting aside of parking areas that are "at" or "adjacent" to a government facility. The Legislature's use of the terms "at" and "adjacent to" in the disjunctive indicates that each term was intended to have a separate meaning in the statute. See, e.g., Leader v. Maroney, Ponzini Spencer, 97 N.Y.2d 95, 104 (2001) (relying on fact that statute authorized two separate standards joined by the word "or" to reject interpretation that would define each standard by same criteria because it would render one standard superfluous); Statutes § 231, 1 McKinney's Cons. Laws of N.Y. at 388 (1971) (each word in a statute should be given meaning and effect and words should not be rejected as superfluous when it is reasonable to give each word a distinct and separate meaning). The reference to designated parking areas "at" the government facility is reasonably understood to refer to areas of the bordering highways that are directly in front of, on the sides of or behind the facility. Thus, the language of the statute indicates that "adjacent to" was intended to refer to other areas of on-street parking.
As you recognize, the term "adjacent" is ambiguous — it can be used in a narrow sense to mean next to, touching or abutting, or in other contexts it may mean located near or close to, without necessarily touching. See Ballentine's Law Dictionary 30 (3d ed. 1969) (defining "adjacent" as near or close to, but sometimes meaning touching or contiguous); Black's Law Dictionary 44 (8th ed. 2004) (near or close to, not necessarily touching). Courts look to the context and purpose of a statute to ascertain the intended meaning of "adjacent" in a particular statute.See, e.g., United States v. St. Anthony R.R. Co.,192 U.S. 524, 530-31 (1904); Ranke v. State, 206 Misc. 569, 573-74 (Ct. Claims 1954), aff'd without opn. 285 A.D. 1113 (4th Dep't 1955). Further, because "adjacent" is an imprecise and relative term, it does not connote a specific distance; the determination of whether two objects are adjacent will often depend on the particular facts to which the statute is being applied. SeeUnited States v. St. Anthony R.R., 192 U.S. at 530, 537 ("As the word is frequently uncertain and relative as to its meaning, . . . it must be defined with reference to the context, at least to some extent.").
Consistent with the statutory purpose of section 1640(a)(22), the designated parking areas must be near enough to provide the users convenient access to the government facility. See
Memorandum of Senate Sponsor, reprinted in Bill Jacket to ch. 663 (1996), at 5 (the historic practice of designating on-street parking spaces was used by cities and villages "to allow public officials to reach their destinations quickly"). Additionally, the fact that this statutory authorization can be viewed as an exception to the statutory and common law principle that the right to use of the highways rests with the general public, not with adjacent proprietors or local residents, Op. Att'y Gen. (Inf.) No. 2005-15; Op. Att'y Gen. (Inf.) No. 97-33, weighs in favor of a narrow construction. See generally Statutes § 311, 1 McKinney's Cons. Laws of N.Y. at 473 (1971) ("A statute which infringes on common right is strictly construed.").
A narrower rather than expansive interpretation of "adjacent" is also consistent with the Legislature's use of the term "adjacent" elsewhere in the VTL. Where the term "adjacent" is used elsewhere in the VTL to refer to the relationship between a highway (or portion of a highway) and another object, the term generally refers to an object that adjoins or is next to the highway. See, e.g., VTL § 144 (defining sidewalk as the portion of a street between the curb and adjacent property lines); id. § 1156(a) (where sidewalks are provided, pedestrians are prohibited from walking along an adjacent roadway); id. § 1160(e) (where more than one lane is designated for left turns, directing that u-turns should be made from the lane adjacent to the center line); id. § 1180(c) (enforcement provision for the lower speed limits that are permitted on highways adjacent to a school).
In light of these factors, we believe the reference to designated parking areas "at or adjacent to" the government facility is properly limited to those on-street parking areas closest to the facility. Limiting the statutory authorization to the on-street parking areas closest to the facility provides a narrow interpretation that accords with the statute's context and purpose: The areas closest to the facility will provide the most convenient access to the facility and, because these parking spaces are likely to be used for access to the facility in the absence of restricted parking, limiting the statute in this way helps to curtail any infringement on the free use of the highways permitted by this provision. The areas closest to the facility will generally include those portions of the bordering highways that are directly in front of, on the sides of or behind the facility ("at"), as well as the areas that extend a reasonable distance in either direction from these directly abutting areas and the areas located across the street from the facility ("adjacent to").
Although the determination of precisely how far from the facility the area of the highway may be and still be considered "adjacent" within the meaning of the statute will depend on the specific facts to which the statute is being applied, we do not believe the statutory authorization was intended generally to include highways that do not border the facility. Only in limited circumstances, such as where parking is not permitted in the areas that would otherwise be considered adjacent to the facility, might areas further away, including on non-bordering highways, be considered within the statute's scope. Cf.Brooklyn Heights R.R. Co. v. City of Brooklyn, 18 N.Y.S. 876 (Brooklyn City. Ct., Gen'l Term 1892) (where there were no streets touching the specified street that satisfied the statutory grant, the term "adjacent" was interpreted to mean neighboring parallel streets), aff'd 152 N.Y. 244 (1897).
With respect to the additional questions raised by the Village of Pelham Manor concerning its exercise of discretion under this statute, we note that the statutory provision authorizes, but does not require, a city or village to set aside on-street parking for users of an adjacent government facility. The legislative grant of authority under section 1640(a) is permissive. VTL § 1640 ("The legislative body of any city or village, with respect to highways . . . in such city or village . . . may by local law, ordinance, order, rule or regulation. . . .") (emphasis added). Where, as here, a separate governmental entity (the Pelham Union Free School District) is requesting that the village set aside on-street parking for the requesting entity's employees, we believe the village may reasonably require the entity requesting the parking to demonstrate the factual basis for the reasonableness of the requested parking regulations, including that the designated parking areas are "at or adjacent to" the government facility. If the village board of trustees is satisfied that setting aside the requested parking areas is reasonable under the circumstances, it may, but is not required, to do so.
CONCLUSION
We conclude that designated parking areas "at or adjacent to a government facility" within the meaning of VTL § 1640(a)(22) refers to the on-street parking areas closest to the facility, which generally will be limited to those areas on bordering highways that abut or are directly across from the facility, or that extend a reasonable distance from these areas. We also conclude that where another government entity requests the setting aside of on-street parking under this provision, a village or city may reasonably require that entity to demonstrate the facts that allow the legislative body of the village or city to make a determination that the requested parking regulations are reasonable, including that the designated parking areas are "at or adjacent to" the government facility.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
LAURA ETLINGER Assistant Attorney General In Charge of Opinions
[1] Although the School District encompasses both the Village of Pelham Manor and the neighboring Village of Pelham, your letters indicate that the school building and the property on which it is located are wholly within the Village of Pelham. One of the streets bordering the school property, while lying in the Village of Pelham, forms the boundary between the two villages. Thus, none of the streets bordering the school property are in the Village of Pelham Manor. We understand that the School District has also requested that the Village of Pelham set aside parking for school district employees on specified streets in that village.