SIOUX FALLS CONSTRUCTION COM-
PANY, Plaintiff and Respondent,

v.

DAKOTA FLOORING, a corporation,
Defendant and Appellant.

No. 7895.

Supreme Court of North Dakota.

March 15, 1961.

Rehearing Denied May 27, 1961.

Alfred A. Thompson, Bismarck, for defendant and appellant.

Jansonius, Fleck, Smith, Mather & Strutz, Bismarck, for plaintiff and respondent.

SAD, District Judge.

The complaint in this action alleges a cause of action upon a contract whereby the defendant agreed to furnish material and work necessary to the acoustical work provided for in said contract. The complaint further alleges that defendant breached the contract and did not complete the same within the time specified, whereby plaintiff was forced to proceed in accordance with the plans and specifications, perform the work and furnish material in accordance with the contract through another subcontractor, to plaintiff's damage in the sum of $217, the amount being in excess of that required to be paid over and above the contract price in order to complete the contract. In addition, the complaint alleges that plaintiff suffered damages because of the delay caused by defendant's refusal to perform said contract, and that by reason of the breach of said contract plaintiff incurred liquidated damages in the sum of $750, and claimed total damages in the sum of $967, with interest at the rate of four per cent per annum from the date of the breach of said contract, April 14, 1958, and for costs and disbursements incurred.

The summons and complaint were served on D. B. Harney, president of defendant corporation, on August 11, 1959, at Bismarck, North Dakota. Affidavit of default was entered on September 10, 1959, and on September 15, 1959, an order for judgment was entered.

On September 22, 1959, defendant appeared by its attorney, Alfred A. Thompson, made a motion to reopen the default judgment entered on September 15, 1959, and requested that the court stay execution. A stay was thereafter granted on October 5, 1959, providing that the defendant furnish bond in the sum of $1,000. On the date of the stay the defendant executed and filed a proposed answer. That answer contains a general denial and raises a defense to the complaint. The defendant admits paragraph one of the complaint and alleges that notice to commence work under the contract set forth in the complaint was given by a letter dated March 28, 1958, which was received by defendant on or about March 31, 1958. The answer sets forth that shortly after the contract was entered into, the defendant ordered materials to be installed thereunder, but that the same had not been received at the time of receiving notice; that the plaintiff was duly notified thereof by the defendant; that the defendant also advised the plaintiff that the contract might be completed within the time specified for completion therein; that despite this, the plaintiff, on April 15, 1958, informed the defendant that it had violated the contract, and that the plaintiff then intended to take over the contract and complete it; that by reason of the plaintiff's refusal to permit the defendant to complete the contract within the time specified the defendant has been damaged in the sum of $800. Defendant prayed judgment that the plaintiff's complaint be in all things dismissed, that the plaintiff take nothing thereby, and that the defendant be awarded damages in the sum of $800.

Donald B. Harney, president of defendant corporation, presented to the court an affidavit stating that service of summons and complaint was made upon him on August 11, 1959, at the Hughes Junior High School Building, located at the corner of Avenue D and Washington Street in the City of Bismarck, Burleigh County, North Dakota, as appears by the sheriff's return. He states that he was busily employed at

said building at the time and that he placed the said pleadings in a tile carton, pending later examination of the same; that on or about August 11, 1959, he was advised by medical authorities that his wife had fallen ill to a serious physical disorder and was in danger of losing her life; that by reason of the mental shock which he suffered by reason thereof, he was removed from his work at said location for a considerable length of time; that because of the shock of the aforesaid information, defendant became almost oblivious to all matters except the preservation of the life of his wife. Such affidavit shows that for a period of several weeks the defendant did nothing other than attend to his wife's physical condition, transporting her long distances for medical attention; that because of the mental shock impressed upon defendant, as therein set forth, the defendant lost awareness of the passage of time and was not aware of the fact that time for service of answer herein had slipped by so rapidly, and that he was not completely aware of the fact that he had been subjected to this lawsuit until execution was served upon him on or about September 15, 1959. The affidavit shows that the months of August and September are abnormally heavy in the business of the corporation, and that at the time of service of summons and complaint herein the corporation had 17 school buildings to complete prior to the commencement of the fall school terms. It states that the defendant is a closed corporation, and that the business affairs of the corporation are handled almost exclusively by Donald B. Harney, the affiant, and that the responsibility for answering herein rests solely upon him. It further sets forth that the defendant is making such affidavit in support of a motion made to the district court for the purpose of opening a default judgment, pursuant to Section 28–2901, NDRC 1943, as superseded by Rule 60(b), N.D.R.Civ.P.

The motion to reopen the judgment was denied by Judge C. L. Foster, and an order was made dismissing the motion to set aside default judgment.

The issue in this case is whether or not the court erred in denying the defendant's motion to reopen and vacate the judgment entered against him by default. He contends that he is entitled to be relieved from his default upon the ground of excusable neglect. He presented a motion supported by affidavits and a proposed verified answer setting forth a valid defense.

The defendant, in making his application and motion to set aside the judgment and permit him to defend the action, set out that he was heavily encumbered with work; that the serious part of it was that on or about the time he received the summons and complaint, he was notified by the hospital that his wife was suffering from a serious illness, a malignant disease that required immediate attention by medical experts, and that at the time he was so notified, the defendant was busy trying to find immediate assistance for his wife and spent most of his time trying to get medical aid and help for her in this extremity. The disease was of such character, known as cancer, that it required immediate attention. Defendant made various trips with his wife to get treatment for her. It appears that because of this illness of his wife, the matter of answering the plaintiff's complaint was out of the defendant's mind and that the plaintiff thereupon proceeded to take judgment against him by default and had an execution issued out of such judgment. On becoming aware of the situation, the defendant made an immediate application and motion to have the judgment set aside and permit him to answer. Such application was made within a reasonable time, in fact within 20 days of the default judgment being entered. Ordinarily, where a judgment has been entered by default and when as in this case a prompt application is made to set it aside, with tender of an answer disclosing a meritorious defense, the court should, on reasonable terms, sustain the motion and permit the cause to be heard upon the merits. See Barney v. Platte Valley Public Power

& Irrigation Dist., 147 Neb. 375, 23 N.W.2d 335, 336.

The record made upon this application shows that the plaintiff notified the defendant that he should arrange to commence installation of acoustical tile on April 7, 1958, by a letter addressed to the defendant dated March 28, 1958. This letter, which is plaintiff's Exhibit 4, sets out in the second paragraph:

> "We expect to be ready for floor tile installation towards the end of April, however, we suggest you have your material on hand by April 20, to insure no delay."

In a previous letter, dated March 17, 1958, plaintiff's Exhibit 3, the plaintiff writes as follows:

> "We expect that we will not be ready for floor covering for about six weeks yet, but we urge you to seek color selections for floor covering in rubber mats from the architect in plenty of time."

This would no doubt lead the defendant to believe they would not be ready for his work on this job until the first part of May, 1958. In plaintiff's Exhibit 4, the letter written on March 28, 1958, the defendant was requested to commence work on April 7, 1958, with installation of acoustical tile, and they say, "We expect to be ready for floor tile installation towards the end of April." On April 15, 1958, in a letter from the plaintiff to the defendant, marked as plaintiff's Exhibit 6, the defendant is notified by the plaintiff that they were "serving written notice to take over this contract and complete it as per paragraph XV." The new contractor performing said work, namely, Hauenstein & Burmeister, commenced work on this job on April 24, 1958, and completed the work in 8 days, on May 2, which would indicate that the job was not of such character that it would take a considerable length of time.

 A default judgment having been entered, it is largely in the discretion of the trial court to say whether the defendant should be permitted to come in afterwards and make his defense, and unless an abuse of discretion be made to appear, this court will not interfere in the matter. But we feel here that the court erred in refusing to grant the motion to set aside judgment and permit the defendant to interpose an answer and have a trial on the merits.

> "It is the spirit and policy of the law to give every party an opportunity to prosecute or defend his case in court and courts will never deny such right except for the fault or gross laches of such party or his authorized attorney." Barney v. Platte Valley Public Power & Irrigation Dist., supra.

In the case of Citizens' National Bank of Sisseton, S. D. v. Branden, 19 N.D. 489, 126 N.W. 102, 104, 27 L.R.A.,N.S., 858, the court sets forth the rule where it says:

> "If the moving party makes a clear and unquestionable showing that he has a good defense or cause of action on the merits, of the benefit of which he has been deprived without fault on his part, the trial court cannot, in the exercise of a sound judicial discretion, deny him the relief prayed for; and, if it has done so, its action will be reversed."

 A number of other cases have been cited in covering cases of this kind. In the case of Azar v. Olson et al., N.D., 61 N.W.2d 188, the syllabus by the court was as follows:

> "1. Section 28–0627, 28–2901 and 32–1713, NDRC 1943 (Section 28–2901 has been superseded by Rule 60(b), N.D.R. Civ.P. which is applicable in this case), providing for relief from default judgments, are remedial in nature and are entitled to a liberal construction and application.
>
> "2. This court views with favor the trial of cases upon their merits.

"3. Where, in an action to quiet title, relief is sought within a year after the rendition of a default judgment obtained on constructive service concerning which the defendant had no knowledge and it appears from the showing made that the defendant has a defense on the merits and has shown reasonable diligence in seeking relief, the judgment should be vacated and the defendant permitted to answer."

This rule was followed in the case of Hagen v. Altman, N.D., 79 N.W.2d 53.

In the case of Smith v. Cook, N.D., 73 N.W.2d 151, 152, the court states in the syllabus:

"1. Under Section 32–1713, NDRC 1943, which provides that 'A defendant in an action to determine adverse claims * * * upon good cause shown, and on such terms as may be just, may be allowed to defend after trial and within one year after the rendition of judgment therein, but not otherwise.' It is incumbent upon a defendant who seeks to have a default judgment vacated and to be permitted to defend to show prima facie, by his moving papers, that he has a good and meritorious defense; and where he presents affidavit of merits and proposed answer, and such proposed answer sets forth facts constituting a defense on the merits, and the application to vacate was made within one year after rendition of the default judgment, it was not error for the trial court to grant said application.

"2. For reasons stated in the opinion it is held the affidavits of merits, and the proposed answers presented by the defendants in the instant case set forth facts sufficient to constitute a defense on the merits to plaintiff's complaint."

These case follow the general rule that where there is excusable neglect and a meritorious defense set out by a proposed answer, the judgment should be vacated and the defendant or plaintiff should be permitted to try the case on its merits.

In this case it is shown that there was excusable neglect on the part of the defendant. At about the time the summons and complaint were served on him he was notified by the hospital and doctors that his wife was suffering from a malignant illness. He realized that it was necessary for immediate and urgent treatment to be given to his wife in her illness. He then consulted specialists and doctors. The lawsuit was completely out of his mind and forgotten until he became aware that the default judgment had been entered against him.

In view of the unusual and distressing situation in which the defendant found himself at the time of the service of the summons and complaint, together with other circumstances, we conclude that the defendant's default is one from which justice requires that he be relieved and that the trial court abused his discretion in refusing such relief. The order appealed from is therefore reversed and the case is remanded, with directions to permit the defendant to answer and to proceed with the trial of the case upon the merits.

SATHRE, C. J., and MORRIS, TEIGEN and BURKE, JJ., concur.

STRUTZ, J., deeming himself disqualified, did not sit; Honorable JOHN SAD, District Judge of the First Judicial District, sitting in his stead.