■ ROBERT SIMONSEN, Appellant, v MALONE EVENING TELEGRAM, Respondent. — Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered July 2, 1981 in Franklin County, which denied plaintiff's motion for partial summary judgment. This is an action for libel. It appears from the record that an automobile dealer's premises had been broken into and three vehicles taken therefrom. Defendant published an article erroneously stating that plaintiff, who had been charged in a misdemeanor complaint with criminal mischief in the fourth degree involving a separate incident, had been arrested and charged in connection with the break-in. The following day defendant published a retraction and apology. The instant action was commenced and plaintiff moved for partial summary judgment on the issue of liability. Special Term denied the motion and this appeal ensued. In our opinion, the article in question falls within the sphere of legitimate public concern and, therefore, plaintiff's recovery is dependent upon his establishment, by a preponderance of the evidence, that the publishers acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties (*Chapadeau v Utica Observer-Dispatch*, 38 NY2d 196, 199; *Robart v Post-Standard*, 74 AD2d 963, affd 52 NY2d 843). In the present case, the reporter who originally wrote the article stated in an affidavit that he went to the police station and made notes from the police files; that when writing the article he referred to the person charged with the break-in as Robert Simons; and that he was informed by his managing editor that he had cross-checked with the police department and was informed that the person involved in the matter was Robert Simonsen, not Robert Simons. The managing editor also submitted an affidavit in which he averred that after reviewing the reporter's original article he called the police station and was informed that the person involved in the break-in was named Robert Simonsen and not Robert Simons. Upon review of the record, we are of the opinion that defendant sufficiently raised an issue of fact regarding its culpability under the standard set forth in

*Chapadeau v Utica Observer-Dispatch* (38 NY2d 196, *supra*). Accordingly, plaintiff's motion for partial summary judgment on the issue of liability was properly denied. The order must be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.