**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF BISMARCK, a corporation, Plaintiff, Appellee and Cross Appellant,**

v.

**Theodore G. HULM, a/k/a Ted Hulm; C.H. Carpenter Lumber Company and Conlin's Carpet World, Defendants,**

**Linda Corrine Heikes, Defendant, Appellant and Cross Appellee.**

**Civ. No. 10269.**

Supreme Court of North Dakota.

Dec. 30, 1982.

Rausch & Rausch, Bismarck, for plaintiff, appellee and cross appellant; argued by James P. Rausch, Bismarck.

Phillip J. Brown, Bismarck, for defendant, appellant and cross appellee; argued by Phillip J. Brown, Bismarck; appearance by Joseph M. Schmitt, Bismarck.

ERICKSTAD, Chief Justice.

This is an appeal by Linda Corrine Heikes from an order of the District Court of Burleigh County, dated July 9, 1982, in which the court denied Linda's motion to set aside a default judgment of foreclosure, filed February 4, 1982, and a subsequent order confirming sheriff's sale, filed March 4, 1982. First Federal has filed a cross appeal asserting that the district court should have denied Linda's motion without reaching the merits of her request. We affirm the court's refusal to set aside the judgment and order, but for the reasons stated in this opinion and not on the ground relied upon by the district court.

On November 24, 1978, Linda and Theodore G. Hulm, who is not a party to these proceedings, executed a mortgage with First Federal Savings and Loan Association of Bismarck (First Federal) on an apartment building property described as:

> "Lot One (1) in Block Twenty-Three (23) of the Southwood Terrace Addition Second Replat to the City of Bismarck, Burleigh County, North Dakota."

Prior to November, 1981, Linda and Theodore defaulted on the mortgage by failing to make monthly payments when due, and First Federal filed a Notice of Intention to Foreclose Mortgage on November 12, 1981. On December 30, 1981, First Federal filed a summons and complaint seeking to foreclose the mortgage under the Short-Term Mortgage Redemption Act, Chapter 32–19.-1, N.D.C.C.[1] The summons and complaint was served upon Linda and Theodore by the Burleigh County sheriff on December 31, 1981. Neither Linda nor Theodore served an answer in response to First Federal's complaint, nor did they otherwise make any appearance in the case, and the court entered a default judgment of foreclosure on February 4, 1982. Subsequently, the court issued an order confirming the sale of the property to First Federal by the sheriff at

---

1. The mortgage expressly provided: "That the provisions of the Short-Term Mortgage Re- demption Act shall govern this Mortgage."

public auction and therein further ordered that a deed to the premises be given to First Federal on June 30, 1982, unless the property was redeemed according to law by that date.

On June 29, 1982, Linda, through counsel, filed and served upon First Federal's attorney a motion, under Rule 60(b), N.D.R.Civ.P., to set aside the February 4, 1982, judgment and the March 4, 1982, order. Linda asserted two grounds for relief: (1) that the redemption period should have been commenced according to the law as it existed on the date the mortgage was executed instead of as it existed on the date of the foreclosure; and (2) that First Federal's Notice of Intention to Foreclose Mortgage was inadequate and not in compliance with statutory requirements.

In addition to objecting to Linda's claim for relief on its merits, First Federal asserted that her motion should be denied because she had not advocated any reason why she did not make a timely appearance in the action which might justify setting aside the default judgment or subsequent order entered against her. First Federal also asserted that her motion should be denied because it was not accompanied by a signed affidavit of merits or by a proposed responsive pleading.

The district court did not make a determination on the procedural objections made by First Federal. Instead, the court, in effect, set aside the default judgment and subsequent order for purposes of reaching a determination on the merits of Linda's issue regarding the applicable redemption law. The court did not render a determination on the merits of Linda's issue regarding the allegedly defective Notice of Intention to Foreclose Mortgage.

The district court, concluding that it had correctly applied the appropriate redemption law, issued its order of July 9, 1982, denying Linda's request for relief under Rule 60(b), N.D.R.Civ.P. Linda has now filed an appeal from that order through which she has raised the following issues:

(1) Whether or not the application to this case of Section 32–19.1–04.1, N.D.

C.C., as amended subsequent to the execution of Linda's mortgage, causing the redemption period to begin to run upon the filing of the summons and complaint instead of upon the sheriff's sale of the property, constituted a deprivation of property without due process of law or an impairment to an obligation of contract in violation of Article I, Section 10 of the United States Constitution; and

(2) Whether or not First Federal's Notice of Intention to Foreclose Mortgage was in compliance with Section 32–19.1–05, N.D.C.C.

First Federal, through its cross appeal, asserts that the district court erred in reaching the merits of Linda's request for relief under Rule 60(b), N.D.R.Civ.P., instead of dismissing her motion for failure to meet the Rule 60(b), N.D.R.Civ.P., requirements for setting aside a judgment or order.

In support of the objection to Linda's motion on the ground that it was not accompanied by a proposed answer or an affidavit of merits, First Federal relies upon several case decisions of this Court which were rendered prior to the adoption of Rule 60(b), of the North Dakota Rules of Civil Procedure: *Huwe v. Singer,* 63 N.W.2d 399 (N.D.1954); *Racine-Sattley Manufacturing Company v. Pavlicek,* 21 N.D. 222, 130 N.W. 228 (1911); *Sargent v. Kindred,* 5 N.D. 8, 63 N.W. 151 (1895).

This Court has not determined, subsequent to the enactment of Rule 60(b), N.D. R.Civ.P., whether or not relief can be granted under the rule upon a motion which is not supported by a proposed answer or an affidavit of merit. With regard to this issue, Rule 60(b), N.D.R.Civ.P., provides in relevant part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order .... [T]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

Rule 7(b), N.D.R.Civ.P., which provides the form for motions under the rules, states in relevant part:

"*(b) Motions and Other Papers.*

(1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefore, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

(2) The rules applicable to captions, signing, and other matters of form of pleadings apply to all motions and other papers provided for by these rules."

■ This Court has stated that Rule 60(b), N.D.R.Civ.P., should be liberally construed and applied. *Suburban Sales and Service, Incorporated v. District Court of Ramsey County,* 290 N.W.2d 247 (N.D. 1980); *United Accounts, Incorporated v. Lantz,* 145 N.W.2d 488 (N.D.1966); *Sioux Falls Construction Company v. Dakota Flooring,* 109 N.W.2d 244 (N.D.1961). Accordingly, we conclude that Rule 60(b), N.D.R.Civ.P., does not require a movant to submit a proposed answer or an affidavit of merits in order to receive relief under the rule. However, it is advisable for one to support a Rule 60(b), N.D.R.Civ.P., motion with a proposed answer and an affidavit of merits because the failure to do so may result in a failure to demonstrate a right to relief under the rule. Each case must be determined on its own facts by the trial court in whose discretion is vested the determination of whether or not to grant relief under the rule.

■ First Federal also asserts that Linda's motion should be denied because she has not provided any reason to justify her failure to respond to the summons and complaint filed by First Federal or to otherwise make an appearance in this case prior to entry of the default judgment. Linda asserts, however, that she should be allowed to set aside the court's judgment and order under Rule 60(b)(vi), N.D.R.Civ.P., which provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order in any action or proceeding for the following reasons: . . . (vi) any other reason justifying relief from the operation of the judgment."

Although Linda has offered no explanation of or justification for her failure to make an appearance prior to entry of the default judgment, she asserts that it would be unduly harsh to allow the forfeiture of her property under the default judgment without giving her an opportunity to now present the merits of her claim.

This Court has consistently followed a policy of liberally construing Rule 60(b), N.D.R.Civ.P., for purposes of vacating a default judgment to permit a case to be heard and decided on its merits. *Suburban Sales and Service, Incorporated v. District Court of Ramsey County,* 290 N.W.2d 247 (N.D.1980); *Perdue v. Sherman,* 246 N.W.2d 491 (N.D.1976); *King v. Montz,* 219 N.W.2d 836 (N.D.1974); *United Accounts, Incorporated v. Lantz,* 145 N.W.2d 488 (N.D.1966); *Sioux Falls Construction Company v. Dakota Flooring,* 109 N.W.2d 244 (N.D.1961). Nevertheless, in each case in which this Court has set aside a default judgment under Rule 60(b), N.D.R.Civ.P., the movant provided an explanation for having permitted the entry of the default judgment which, in the court's opinion, constituted a sufficient justification for setting aside the default judgment to allow the case to be heard on its merits.

In *Suburban Sales, supra,* this Court concluded that the district court did not abuse its discretion in vacating a default judgment where the defendant's attorney committed "inexcusable neglect" by failing to file an answer or any other legal instrument on behalf of the defendant. In this case there is no assertion by Linda that she made any attempt to secure the assistance of counsel or otherwise respond to the summons and complaint which she received from First Federal prior to entry of the default judgment.

In *Perdue, supra,* this Court held that the trial court abused its discretion in failing to vacate a default judgment because the defendant had not been given a notice of intention to enter judgment as required by Rule 55(a), N.D.R.Civ.P., even though the defendant had made an appearance prior to entry of the default judgment through conversations with the plaintiffs' attorney. In this case there is no assertion by Linda that she made any attempt to make an appearance prior to entry of the default judgment.

In *King, supra,* this Court held that the district court abused its discretion in refusing to vacate a default judgment where the defendants' insurance company failed to make a timely appearance on behalf of the defendants even though the defendants had delivered a summons and complaint to the insurance agent on the same day they received it and had been informed by the agent that it would be "taken care of." This Court concluded that the defendants should not be required to suffer because of the neglect or errors of their insurance company and held that the default judgment must be set aside in order that the case could be heard on its merits. In this case there is no assertion by Linda that her failure to make an appearance in the case prior to entry of the default judgment was the result of the neglect or other act of any third party.

In *United Accounts, supra,* this Court affirmed the district court's vacation of a default judgment under Rule 60(b), N.D.R. Civ.P., where the defendant had secured an attorney who made an appearance prior to the entry of the default judgment, and where, although the judge had promised the defendant's attorney he would not file an order for judgment until notifying the attorney, the judge mistakenly failed to provide such notice prior to entry of the default judgment. That case is clearly distinguished from this case because Linda did not retain counsel prior to entry of the default judgment, nor does she allege the occurrence of conversations between herself and the court which might justify setting aside the default judgment.

In *Sioux Falls, supra,* this Court held that the district court abused its discretion in refusing to set aside a default judgment where the defendant alleged that he failed to answer the summons and complaint because, at about the same time they were served on him, he was notified by the hospital and doctors that his wife was suffering a malignant illness. This Court concluded that the defendant's actions, under the circumstances of the case, including the unusual and distressing situation in which the defendant found himself upon learning of his wife's serious illness, constituted excusable neglect which justified setting aside the default judgment. Linda asserts no unusual or distressing circumstances surrounding her failure to make an appearance in this case.

In all of the foregoing cases a default judgment was set aside after the defendant provided a sufficient explanation or reason to justify that relief. In this case Linda has offered no such explanation or reason. Linda urges this Court to reverse the district court under Rule 60(b)(vi), N.D.R.Civ.P., which permits a judgment to be re-opened for "any other reason justifying relief from the operation of the judgment." However, this Court has previously held that Rule 60(b)(vi), N.D.R.Civ.P., "is not to be used to relieve a party from free, calculated, and deliberate choices . . . ." *City of Wahpeton v. Drake-Henne, Inc.,* 228 N.W.2d 324, 330 (N.D.1975); *Hefty v. Aldrich,* 220 N.W.2d 840, 846 (N.D.1974). Linda does not assert that her failure to make an appearance was anything other than a free and deliberate choice. We conclude that Linda has failed to advance any circumstances or to provide any reason which would justify setting aside, under Rule 60(b)(vi), N.D.R.Civ.P., the default judgment or subsequent order entered against her. Accordingly, the order of the district court, dated July 9, 1982, is hereby affirmed.

VANDE WALLE, PEDERSON, PAULSON and SAND, JJ., concur.