FIRST NATIONAL BANK OF
JAMESTOWN, a corporation,
Plaintiff and Appellee,

v.

Vernon HOGGARTH, Odis Hoggarth and
Roger Hoggarth, d.b.a. Hoggarth Land
and Cattle Company, Defendants,

and

DeVerne Hoggarth, Defendant
and Appellant.

FIRST NATIONAL BANK OF
JAMESTOWN, a corporation,
Plaintiff and Appellee,

v.

Vernon HOGGARTH, Odis Hoggarth,
d.b.a. Hoggarth Land and Cattle Compa-
ny and DeVerne Hoggarth, Defendants,

and

Roger Hoggarth, a partner, d.b.a. Hog-
garth Land and Cattle Company,
Defendant and Appellant.

Civ. Nos. 10276, 10277.

Supreme Court of North Dakota.

March 11, 1983.

David E. Nething, Jamestown, for plain-
tiff and appellee.

Kraemer, Beauchene & Associates, Fargo, for defendants and appellants DeVerne Hoggarth and Roger Hoggarth; argued by Frederick D. Kraemer, Fargo.

SAND, Justice.

Roger Hoggarth, a partner in Hoggarth Land and Cattle Co., and DeVerne Hoggarth,[1] separately appealed from orders denying their motions to vacate a default judgment. Upon request, the appeals were consolidated.

First National Bank of Jamestown (the Bank) brought actions against Vern Hoggarth, Odis Hoggarth, and Roger Hoggarth, d.b.a. Hoggarth Land and Cattle Co., and against DeVerne Hoggarth to recover on a promissory note executed by Odis Hoggarth for Hoggarth Land and Cattle Co., and executed personally by DeVerne Hoggarth. The complaint was served on Vern Hoggarth, d.b.a. Hoggarth Land and Cattle Co., on 24 June 1981[2] and personally on DeVerne Hoggarth on 2 July 1981.

Counsel for DeVerne, David E. Walker, contacted counsel for the Bank, David E. Nething, by a letter dated 17 July 1981 which indicated that Walker was representing DeVerne. The letter further indicated that it was intended as an appearance for DeVerne and asked for an extension of time to enter a responsive pleading on or before 3 August 1981. The extension was granted; however, no answer was filed at this time on behalf of DeVerne. Neither was an answer filed nor appearance of any kind made on behalf of Vern Hoggarth, Odis Hoggarth, or Roger Hoggarth, d.b.a. Hoggarth Land and Cattle Co.

Attorney Walker filed an affidavit which was part of the record on the motion to vacate the default judgment and which, in effect, stated that DeVerne Hoggarth had never indicated any factual information which would support a defense to the allegations in the complaint. Attorney Walker's affidavit stated:

> "My reasons for refraining from answering in the absence of defenses were the North Dakota Code of Professional Responsibility and Rule 11 of the North Dakota Rules of Civil Procedure, which states in part: 'The signature of an attorney (on a pleading) constitutes a certificate by him that ... there is good ground to support it; and that it is not interposed for delay.' "

On 24 August 1981 counsel for the Bank caused a notice of intention to take a default judgment[3] to be served by mail upon Vernon, Odis, and Roger Hoggarth, d.b.a. Hoggarth Land and Cattle Co., and upon DeVerne Hoggarth. An affidavit of Alice Kooker, secretary for counsel for the Bank, reflects that a notice of intention to take default judgment was served by mail upon attorney Walker. An affidavit of attorney Walker reflects that in late August 1981 he received a copy of the notice of intention to take a default judgment and it was his understanding that a default judgment in precise conformity to the complaint would be taken on 4 September 1981.

In any event, no further appearances were made by or on behalf of any of the defendants at any time, including at the hearing on the request for default judgment which was heard by the court on 24 September 1981. After the hearing, the court granted the default judgment.

---

1. DeVerne Hoggarth's notice of appeal states that he is a "partner doing business as Hoggarth Land and Cattle Company." However, the record reflects that DeVerne was not a partner in Hoggarth Land and Cattle Company.

2. Pursuant to Rule 4(d)(2)(D), NDRCivP, service of process upon a partnership may be made by delivering a copy of the summons to a partner. The sheriff's return also stated that the summons and complaint was served on Vern Hoggarth for Odis Hoggarth and Roger Hoggarth.

3. The Notice of Intention to Take Default Judgment stated:

 "... that pursuant to Rule 55(a)(3) an Application for Default Judgment will be made in this matter on September 4, 1981, or as soon thereafter as this matter can be conveniently heard. Basis for this Default Judgment will be your failure as Defendant to enter an Answer to the Summons and Complaint which was served upon you on June 24, 1981, and July 2, 1981, or to otherwise appear."

DeVerne Hoggarth and Roger Hoggarth, in separate motions, moved that the default judgment be set aside because of mistake, inadvertence, excusable neglect, and misconduct by the plaintiff. As part of their motions, the defendants entered a proposed answer. After a hearing, the court issued separate findings of fact, conclusions of law and orders denying each motion to vacate the default judgment. DeVerne Hoggarth and Roger Hoggarth separately appealed and moved to consolidate the appeals. The appeals were consolidated for consideration by this court.

On appeal the only issue raised by the defendants is whether or not the district court abused its discretion in denying their motions to vacate the default judgment.

 Our standard of review in cases in which the lower court has denied a motion to vacate a default judgment is whether or not the lower court abused its discretion. *First Federal Savings and Loan Association v. Hulm,* 328 N.W.2d 837 (N.D.1982). An abuse of discretion by the lower court is never assumed and must be affirmatively established. *Dvorak v. Dvorak,* 329 N.W.2d 868 (N.D.1983). We have defined an abuse of discretion as an action by the lower court in an arbitrary, unreasonable or unconscionable manner. *Coulter v. Coulter,* 328 N.W.2d 232 (N.D.1982).

The defendants contended that they were not properly served with notice of the intention to take a default judgment as required by Rule 55 of the North Dakota Rules of Civil Procedure.

Rule 55, NDRCivP, as relevant to this case, provides as follows:

"(a) When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear and the fact is made to appear by affidavit or otherwise, the court may direct the clerk to enter an appropriate judgment by default in favor of the plaintiff and against the defendant as follows:

(1) When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the court, upon affidavit of the amount due and upon production of the written instrument, if any, upon which the claim is founded, may direct the entry of judgment.

. . . . .

(3) No judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 8 days prior to the hearing on such application."

With regard to DeVerne's motion to vacate the default judgment, DeVerne contended that an appearance was made by his attorney, Walker, and that because of this appearance, his attorney was entitled to written notice of the application for default judgment at least eight days prior to the hearing. The thrust of DeVerne's argument is that, although he personally was served by mail with a notice of intention to take default judgment, the affidavit of service by mail did not contain a notation that a copy was sent to his attorney.

 However, an affidavit prepared by Alice Kooker reflects that a copy of the notice of intention to take a default judgment was sent to Walker and Walker's affidavit admits receipt of the notice. Consequently, the provisions of Rule 55(a)(3), NDRCivP, were met in this case and, accordingly, we believe the district court did not abuse its discretion in denying DeVerne's motion to vacate the default judgment.

With regard to Roger Hoggarth's motion to vacate the default judgment, Roger contended that the notice of intent to take a default judgment was sent to the wrong address. Roger pointed out that the affidavit of service indicated that the notice was sent to Courtenay, N.D., and the affidavit of identification indicated that Roger was a

resident of rural Glenfield, N.D., and Vern and Odis were residents of rural Kensal, N.D.

However, the record does not establish that a response or appearance was made by Roger Hoggarth, Odis Hoggarth, or Vern Hoggarth, d.b.a. Hoggarth Land and Cattle Co., and, pursuant to Rule 55, NDRCivP, there is no requirement that the Bank serve them with a notice of intention to take default judgment. Consequently, Roger is in a poor position to argue that notice, to which he was not entitled, was sent to the wrong address, and we do not believe the district court abused its discretion in denying Roger's motion to vacate the default judgment.

After a careful examination of the subject matter involved, we are convinced that the district court did not abuse its discretion. The orders denying the motions to vacate the default judgments are affirmed.

ERICKSTAD, C.J., VANDE WALLE and PEDERSON, JJ., and MUGGLI, Surrogate Judge, concur.

MUGGLI, Surrogate Judge, sitting in place of PAULSON, J., disqualified.