■ GALEN G. KELLY, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 64411.) — Appeal from an order of the Court of Claims (Koreman, P. J.), entered February 1, 1984, which denied the State's motion for summary judgment dismissing the claim.

On August 14, 1979, claimant, a private investigator specializing in "deprogramming" religious cultists, was arrested by New York State Police and charged with criminal possession of a weapon in the second degree . The arrest followed a confrontation between claimant and members of a religious group who were attempting to intervene on behalf of an associate in claimant's custody allegedly being held for "deprogramming" purposes. In the course of the confrontation, claimant brandished an unloaded automatic pistol and pointed it at members of the religious group. When State Police arrived, claimant surrendered the unloaded pistol and a loaded ammunition clip which he was carrying. Although claimant possessed a New York State pistol license, the weapon involved was not one of those which the license authorized him to possess. An inquiry by police to the

State Police's pistol permit section and the Ulster County Sheriff's department disclosed no information indicating that claimant's pistol license had been amended to authorize possession of that particular weapon. The weapons charge and others were submitted to a Grand Jury which returned a "no bill" as to all charges.

As a result of his arrest, and a report of the incident which State Police prepared and released to the news media, claimant brought a claim against the State for false imprisonment, malicious prosecution and defamation. The State moved for summary judgment in all alleged causes of action. The motion was denied which gives rise to this appeal by the State.

In order to establish a cause of action for false imprisonment, a claimant must establish that his confinement was not privileged (*Broughton v State of New York,* 37 NY2d 451, 456, cert den *sub nom. Schanbarger v Kellogg,* 423 US 929). Here, the arrest was without a warrant and thus presumptively invalid, imposing on defendants the burden of establishing a privilege for the confinement (*Broughton v State of New York, supra,* p 458). Claimant's inability, however, to produce a license upon the demand by State Police which authorized him to possess the pistol he was carrying constituted presumptive evidence that he was not duly licensed to possess that weapon (Penal Law, § 400.00, subd 8). A record check by State Police disclosed no indication that claimant had sought to properly amend his license to authorize possession of that particular weapon. Statements by witnesses to the police that claimant had pointed the unloaded pistol at others, coupled with his possession of ammunition for the pistol, gave cause for an arrest for criminal possession of a weapon in the second degree (Penal Law, § 265.00, subd 15; § 265.03). At the minimum, there was probable cause to arrest claimant for criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd [4]). Thus, claimant's confinement would have been privileged (*Adams v Schwartz,* 137 App Div 230, 233-234) unless challenged on other grounds.

While the record supports the finding of probable cause for the arrest, we are constrained from granting summary judgment for the State on this claim due to a delay by State Police in proceeding to arraignment. In this warrantless arrest situation, an undue delay in arraigning claimant could vitiate the existence of probable cause (*Bass v State of New York,* 196 Misc 177, 182-183). While the record indicates that at least some part of the delay may have been attributable to claimant's attorney's attempts to communicate with the District Attorney, there

remains a question of fact as to the reasons for the delay (see *Lewis v Counts,* 81 AD2d 857). Lack of probable cause being relevant to both claims of false imprisonment and malicious prosecution, the Court of Claims properly denied this part of the State's motion (see *Broughton v State of New York,* 37 NY2d 451, 457, *supra*).

Summary judgment was also properly denied on claimant's action for defamation. The truth of the statements contained in the State Police press release is disputed and presents a question of fact (see *Russo v Padovano,* 84 AD2d 925). Finally, the standard care to be applied here is linked to the question of whether the content of the article in question is within the sphere of legitimate public concern and reasonably related to matters warranting public exposition, a matter which is itself a question of fact (*Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196, 199; *Simonsen v Malone Evening Tel.,* 87 AD2d 710).

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur