L. Ivanlee ALBRECHT, Judy Albrecht and Elbe Industries, Plaintiffs and Appellants,

v.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF GRAND FORKS AND MINOT d.b.a. Midwest Federal Savings Bank and Jane and John Does (1 to 100), Defendants and Appellees.

Civ. No. 10907.

Supreme Court of North Dakota.

Aug. 15, 1985.

L. Ivanlee Albrecht, pro se.

Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Grand Forks, for defendants and appellees; argued by Ralph F. Carter, Grand Forks.

LEVINE, Justice.

First Federal Savings and Loan Association of Grand Forks and Minot, d.b.a. Midwest Federal Savings Bank, loaned $40,000 to L. Ivanlee Albrecht and Judy M. Albrecht in return for their promissory note and mortgage on the farm purchased with the loan proceeds. Subsequently, the Albrechts initiated an action against First Federal alleging, inter alia, fraud, breach of contract, unjust enrichment, and constitutional violations.

On its own the district court dismissed with prejudice the Albrechts' complaint for failing to state a claim upon which relief could be granted. The Albrechts appealed. We affirm.

The thrust of the Albrechts' argument is that First Federal fraudulently agreed to loan them $40,000, because only $2,000 of the loan was in legal tender, the remaining $38,000 consisting of invalid and unlawful "credit or checkbook money." Consequently, they argue they are entitled to repay only $2,000 and to have the mortgage and note declared "null and void and without any further legal effect."

The sheer whimsy of the Albrechts' argument that the loan was of no value is underscored by their admission of the undeniable fact that they were able to purchase a farm with the loan proceeds. Construing this complaint in the light most favorable to the Albrechts and assuming its facts to be true, we conclude that it does not possibly state a claim upon which relief can be granted. *Johnson & Maxwell, Ltd. v. Lind,* 288 N.W.2d 763 (N.D.1980). There is no doubt that the Albrechts could not prove any set of facts in support of their claim that would entitle them to relief.

However, the more difficult issue is whether the district court had the authority to dismiss with prejudice sua sponte the Albrechts' complaint.

Rule 12(b)(5) and (c) of the North Dakota Rules of Civil Procedure would have permitted First Federal to move for a dismissal of the Albrechts' complaint for failing to state a valid claim. Although Rule 12 does not expressly grant this same power to the court, we conclude the district court possessed the inherent authority to dismiss the Albrechts' complaint for failure to state a claim upon which relief could be granted.

As is our policy, we are guided by the interpretations of federal courts of the Federal Rules of Civil Procedure and we adopt the principle articulated by the federal courts that a court may, of its own initiative, note the inadequacy of a complaint and dismiss it for failure to state a valid claim. *K/O Ranch, Inc. v. Norwest Bank of Black Hills,* 748 F.2d 1246 (8 Cir.1984); 5 C. Wright and A. Miller, Federal Practice and Procedure, § 1357 at 593 (1969). *See also, Lauer v. Dupreau,* 87 App.Div.2d 710, 448 N.Y.S.2d 894 (1982); *Donaldson v. Donaldson,* 557 S.W.2d 60 (Tenn.1977). However, this power must be exercised most sparingly and with great care to protect the rights of the respective parties. *See, Harris v. Baptist Memorial Hospital,* 574 S.W.2d 730 (Tenn.1978). We agree with the caveat that a sua sponte dismissal is a radical step, not to be taken

lightly. *Barnes v. Dorsey*, 354 F.Supp. 179, 184 (E.D.Mo.1973).

In this case, the Albrechts' complaint was patently frivolous and devoid of any possible claim upon which relief could be granted. We therefore conclude that the district court did not err in dismissing the complaint with prejudice.

Accordingly, the judgment of the district court is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.