FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, a corporate instrumentality and agency of the United States, Plaintiff and Appellee,

v.

L. Ivanlee ALBRECHT, Judy M. Albrecht, his wife, and Elbe Industries, a Trust Organization, Defendants and Appellants,

Ray Dolan, Harlan Roberge, and First Federal Savings and Loan Association of Grand Forks and Minot, Defendants.

Civ. No. 10964.

Supreme Court of North Dakota.

Dec. 18, 1985.

Rehearing Denied Jan. 7, 1986.

Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Grand Forks, for plaintiff and appellee; argued by Ralph F. Carter.

L. Ivanlee Albrecht, pro se and for defendants and appellants.

ERICKSTAD, Chief Justice.

The defendants, L. Ivanlee Albrecht and Judy M. Albrecht (Albrechts), appeal "the decision rendered on March 6, 1985." We reverse the judgment and remand for further proceedings.

Albrechts are apparently appealing from the "MEMO OF SUMMARY JUDGMENT" as this is the only document in the record which is dated March 6, 1985. This memo

is in the nature of an order and is not a final judgment. It is signed by the judge and contains a direction to the petitioner to submit an appropriate order for judgment. An order consistent with the memo was submitted to and signed by the court on March 11, 1985. On March 13, 1985, a judgment was executed by the clerk of court consistent with both the memo of summary judgment and the order for judgment.

█ We have until recently held that: "[A]n order is appealable only when it comes within the provisions of Section 28–27–02, N.D.C.C." *Chas. F. Ellis Agency, Inc., v. Berg,* 214 N.W.2d 507, 509 (N.D. 1974). Section 28–27–02 does not provide for an appeal from a memorandum decision, *Chas. F. Ellis Agency,* 214 N.W.2d at 509. However, on the basis of our decision in *Olson v. Job Service,* 379 N.W.2d 285 (N.D.1985), because the judgment entered on March 13, 1985, carries out and is consistent with the memo signed by the court and the order for judgment signed by the court, we shall treat this appeal as an appeal from the judgment and, accordingly, we will discuss the merits of the appeal.

On March 9, 1982, the Albrechts executed a promissory note for $40,000 in favor of First Federal Savings and Loan Association of Grand Forks and Minot (FFSLA). This note provided for yearly payments beginning on March 1, 1983. To secure this note, the Albrechts executed a mortgage in favor of FFSLA. This mortgage empowered the mortgagee to foreclose and sell the mortgaged property in the event of default in the payments. On June 6, 1984, the mortgage was transferred to Federal Savings and Loan Insurance Corporation (FSLIC).

The Albrechts failed to make the annual payment due March 1, 1984. In a letter dated and mailed October 23, 1984, FSLIC notified the Albrechts that unless payment was made within 30 days, foreclosure proceedings would be commenced. Apparently the amount in default remained unpaid and FSLIC served by certified mail a summons and complaint which was received by the Albrechts on December 20, 1984. The Albrechts responded with an answer denying each and every allegation made in the complaint.

FSLIC filed a motion for default judgment against Albrechts and other defendants. Counsel for FSLIC explained during oral argument that this motion was prepared and filed before FSLIC received Albrechts' answer to the complaint. It was further explained by counsel for FSLIC that after FSLIC received Albrechts' answer, the motion for default was changed to a motion for summary judgment as to Albrechts and to a motion for default judgment as to the other defendants. FSLIC also filed an affidavit of mailing stating that on February 15, 1985, the motion for summary judgment along with a brief in support of the motion for default,[1] affidavit of proof, affidavit of identity and non-military service, and notice of motion pursuant to Rule 3.2, N.D.R.O.C., were placed in a sealed envelope addressed to the Albrechts and deposited in a United States mailbox. The Albrechts made no response to the motion for summary judgment. The trial court granted the summary judgment and ordered the county sheriff to hold a public auction at which time the mortgaged property should be sold.

The Albrechts responded to the summary judgment by filing a motion to vacate "memo" of summary judgment. This motion was based upon the allegation that the Albrechts did not receive a brief. In the motion, the Albrechts asserted that, as they had not received a brief with the Rule 3.2(d), N.D.R.O.C., motion for summary judgment, they did not need to answer or

---

1. It was explained by counsel for FSLIC during oral argument that the brief in support of motion for *default* was inadvertently sent to Albrechts instead of the brief in support of motion for *summary judgment and default judgment.*

The oversight was apparently the result of a last minute change in the motion by FSLIC from a motion for default to a motion for summary judgment and default judgment.

respond.[2] The trial court denied the motion to vacate memo of summary judgment on the basis that such a motion is not recognized in North Dakota.[3]

Albrechts, on appeal, contend they neither received nor were aware of the brief in support of the motion for summary judgment.[4] They argue that, because they did not receive a brief in support of the motion, they could not respond with a reply brief. Albrechts argue further that the trial court, in granting summary judgment, denied them due process of law because they were not given an opportunity to answer the motion.

At the time the district court considered the Rule 3.2 motion it appears that it did not have actual as opposed to constructive notice that the brief in support of the motion for summary judgment had not been served on the Albrechts.[5] The district court later refused to consider FSLIC's failure of compliance with Rule 3.2(c) when the Albrechts moved to vacate the memo of summary judgment on the ground that such a motion is not proper.

■ As we have now held that a party may appeal from such an order, we think it logically follows that we must permit a motion to vacate such an order by requiring trial courts, under circumstances such as present here, to treat the motion as one to vacate the summary judgment. This

also allows the court to reach the merits of a case, which we view to be important, especially in a situation akin to a default. *Bender v. Liebelt,* 303 N.W.2d 316 (N.D. 1981); *Sioux Falls Construction Co. v. Dakota Flooring,* 109 N.W.2d 244 (N.D. 1961). In *Bender* we said:

"Decisions on the merits are of course preferable to those by default. *City of Wahpeton v. Drake-Henne, Inc.,* 228 N.W.2d 324, 330 (N.D.1975). In keeping with the general policy of construing Rule 60(b) liberally with regard to default judgments, *see Suburban Sales v. District Court of Ramsey,* 290 N.W.2d 247, 252 (N.D.1980), this court will 'grant motions to reopen judgments, when promptly made, when the grounds stated satisfy the requirements of Rule 60 for reopening, and when an answer appearing to state a meritorious defense is presented.' *Perdue v. Sherman,* 246 N.W.2d 491, 496 (N.D.1976)." 303 N.W.2d at 318.

■ We affirmed, in *Bender,* the trial court's denial to vacate a default judgment explaining that on appeal one must not only show that the trial court made a "bad" decision, but that it abused the discretion it has in administering the rule. In the instant case the trial judge did not exercise discretion but denied the motion on the basis that such a motion was not permitted

---

2. In the district court the Albrechts did not allege that they did not receive the motion for summary judgment, affidavit of proof, affidavit of identity and non-military service, or notice of motion pursuant to Rule 3.2, N.D.R.O.C. The only document they claimed not to have received is the brief in support of the motion for summary judgment.

3. The Albrechts have also made a motion to vacate notice of entry of judgment. The trial court, however, ruled that it lacked jurisdiction as the case had been appealed.

4. Albrechts, in their brief on appeal, did not allege that they did not receive the motion for summary judgment, affidavit of proof, affidavit of identity and non-military service, or notice of motion pursuant to Rule 3.2, N.D.R.O.C. During oral argument, Albrechts stated that they did not know whether or not they received these documents.

5. Rule 3.2(b), N.D.R.O.C. states: "All pleadings and other instruments relating to default matters must be filed with the clerk prior to the hearing, unless otherwise directed by the court." Our examination of the record discloses that the motion for summary judgment and default judgment, the notice of motion pursuant to Rule 3.2, N.D.R.O.C., the brief in support of motion for summary judgment and default judgment, and the affidavit of mailing were all filed the same day and hour as the district court's memo of summary judgment. Had the papers significant in this case been filed prior to the request upon the court to act, the trial court would have had more of an opportunity to examine them and might have discerned on its own that the movant had not strictly complied with the rule requiring the service of the brief in support of the motion for summary judgment.

and thus there is no need to find abuse of discretion to grant relief here. In *Sioux Falls Construction Co.*, this Court reversed the district court, following "the general rule that where there is excusable neglect and a meritorious defense set out by a proposed answer, the judgment should be vacated and the defendant or plaintiff should be permitted to try the case on its merits." 109 N.W.2d at 248. The trial court had denied a motion to reopen a default judgment. True, in both cases this Court stressed that a meritorious defense was an essential part of the showing, and we have only a general denial submitted here. We believe, however, that the peculiar circumstances of this case justify a temporary suspension of such a requirement.

Had the district court in this case believed that it had jurisdiction to entertain the motion to vacate, it may well have granted the motion as excusable neglect under Rule 60(b), N.D.R.Civ.P., so that the Albrechts would have had an opportunity to file a responsive brief and a response in compliance with Rule 3.2, N.D.R.O.C., and an affidavit pursuant to Rule 56(e), N.D.R. Civ.P. When we consider all the peculiarities of this case, we think it not only fair to give the Albrechts an opportunity to appropriately assert, pursuant to our rules, a meritorious defense, but that it is conducive of good order and precedent to vacate the summary judgment and remand this case so that Albrechts may be given an appropriate time to respond to the Rule 3.2, N.D.R.O.C., motion, and for such other proceedings as may thereafter appear appropriate.

Should it be argued that under circumstances such as present here it would be more appropriate to remand to the trial court for it to determine in the first instance whether or not the grounds stated for vacation are adequate, it is sufficient to say that, in the interests of judicial economy and to avoid further delay, we prefer the solution we have fashioned for this case.

For the reasons stated in this opinion the judgment is reversed and the case is remanded for proceedings not inconsistent with this opinion.

GIERKE, MESCHKE and LEVINE, JJ., concur.

VANDE WALLE, Justice, dissenting.

I cannot forgo the opportunity to state my observations of what might have happened at the trial court level. It might well be an example of that old adage that he "who lives by the sword dies by the sword." As the majority opinion notes, the Albrechts never denied receiving the notice of motion and motion for summary judgment, the affidavit of proof, and the affidavit of identity and non-military service. Rather, in the "Motion to Vacate Memo of Summary Judgment," the Albrechts stated they had "not received a brief *which needed an answer* ..." [Emphasis mine.] Technically, that was true under Rule 3.2, N.D.R.O.C. They received a brief in support of motion for default judgment rather than a brief in support of the motion for summary judgment. No mention is made of any need to respond to the motion for summary judgment, brief or no brief. Just as technically, the trial court, in denying the Albrechts' motion, stated that a "motion to vacate memo of summary judgment is not a permissible motion under NDRCivP. North Dakota does not recognize a motion to vacate a summary judgment memo."

Although it is obvious to me that the Albrechts rely on a technicality to excuse their failure to respond to the motion for summary judgment, the majority opinion excuses the Albrechts from several "technicalities" in arriving at its conclusion to vacate the summary judgment, to wit: permitting an appeal from a "decision" [which appeal was filed prior to our decision in *Olson v. Job Service North Dakota*, 379 N.W.2d 285 (N.D.1985), and therefore was not appealable under the previous decisions

of this court]; construing a motion to vacate a memo of summary judgment as one to vacate the summary judgment; and permitting a general denial rather than a showing of a meritorious defense as a basis for the motion. Of course, parties who choose to represent themselves will not be allowed any more nor any less consideration than parties represented by counsel. *Lang v. Basin Elec. Power Co-Op.*, 274 N.W.2d 253 (N.D.1979).

However, I am most concerned about the lack of meritorious defenses. Although we pressed at oral argument for those defenses we were given nothing specific by the Albrechts. I admit I am particularly concerned because these are the same Albrechts as those in *Albrecht v. First Federal Sav. & Loan Ass'n*, 372 N.W.2d 893 (N.D.1985), who, in a matter involving a mortgage, contended that of a $40,000 loan only $2,000 was in legal tender and the remaining $38,000 was invalid and unlawful "credit or checkbook money." In that case we held that the Albrechts' contention was "patently frivolous and devoid of any possible claim upon which relief could be granted." 372 N.W.2d at 895. We there approved the trial court's sua sponte dismissal with prejudice of the Albrechts' complaint. Here, we asked Mr. Albrecht at oral argument whether or not the defenses were similar to the allegations made by the Albrechts in *Albrecht v. First Federal Sav. & Loan Ass'n, supra.* We have yet to be informed of the meritorious defenses of the Albrechts and I am concerned that on remand they may assert the same or equally frivolous defenses.

Although I concede that the brief need not have been answered because it was not a brief in support of the motion for summary judgment, I do not agree that the motion for summary judgment could be ignored. An allegation of a meritorious defense should be a condition precedent to vacating the judgment, and, because no such allegation has been put forth, I would affirm the judgment of the district court.